1

2

3

4

5

6                       UNITED STATES DISTRICT COURT

7                       CENTRAL DISTRICT OF CALIFORNIA

8                              WESTERN DIVISION

9

10   PRENTRESS DOUGLAS BURKE,        )    No. CV 11-920 JST (FFM)
                                     )
11                   Petitioner,     )    ORDER TO SHOW CAUSE WHY
                                     )    PETITION SHOULD NOT BE
12        v.                         )    DISMISSED AS TIME-BARRED
                                     )
13   KELLY HARRINGTON, Warden,       )
                                     )
14                   Respondent.     )
     _____)
15

16        Petitioner, a prisoner in state custody, constructively filed[1] a Petition for

17   Writ of Habeas Corpus ("Petition") on or about January 24, 2011.  Petitioner

18   challenges a 1999 conviction and sentence for second degree robbery with the use

19   of a firearm.  Petitioner alleges that the California Supreme Court denied direct

20   review of his conviction on an unknown date.  (California Court of Appeal

21   Petition for Writ of Habeas Corpus attached to Petition at ¶ 9b.)  Petitioner also

22   alleges that he filed habeas petitions in state court with respect to his judgement of

23   conviction commencing on June 1, 2010 in the California Superior Court for the

24   County of Los Angeles.  (Minute Order dated July 14, 2010 attached to Petition at

25   1.)

26

27   _____

28   [1]A *pro se* prisoner's relevant filings may be construed as filed on the date they
     were submitted to prison authorities for mailing, under the prison "mailbox rule" of
     *Houston v. Lack*, 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988).

1  **1.      LIMITATIONS PERIOD FOR FEDERAL HABEAS PETITIONS**

2           The present proceedings were initiated after the April 24, 1996 effective

3  date of the Antiterrorism and Effective Death Penalty Act ("AEDPA").

4  Accordingly, the AEDPA's timeliness provisions apply, including a one-year

5  limitations period which is subject to both statutory and equitable tolling.  *See* 28

6  U.S.C. § 2244(d)(1).  For those prisoners, like petitioner, whose convictions

7  became final post-AEDPA, the one-year period starts running from the latest of

8  four alternative dates set forth in 28 U.S.C. § 2244(d)(1)(A)-(D).  *See, e.g.*,

9  *Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001).  The operative

10 provision which appears to apply in this case is set forth in 28 U.S.C. §

11 2244(d)(1)(A).  That subparagraph provides that the one-year period begins to run

12 from "the date on which the judgment became final by the conclusion of direct

13 review or the expiration of the time for seeking such review."  Where, as here, the

14 challenged judgment was affirmed by the state's highest court, the period of direct

15 review ends either when the petitioner failed to file a *certiorari* petition in the

16 United States Supreme Court and the 90-day period for doing so has expired, or

17 when the Supreme Court has ruled on a filed petition.  *See Clay v. United States*,

18 537 U.S. 522, 527-32 and ns. 3-4, 123 S. Ct. 1072, 155 L. Ed. 2d 88 (2003);

19 *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001).

20          In this case, petitioner does not appear to have filed a *certiorari* petition in

21 the United States Supreme Court.  (*See* Petition and exhibits thereto).  Thus, under

22 section 2244(d)(1)(A), petitioner's conviction became final 90 days after the

23 denial of the petition for review by the California Supreme Court.  *See Clay*, 537

24 U.S. at 527-32 and ns.3, 4; 28 U.S.C. § 2101(d); Sup. Ct. R. 13.1.  Although

25 petitioner is unsure of the date that the California Supreme Court denied direct

26 / / /

27 / / /

28 / / /

1   review, that date is available from the California Appellate Courts website.[2]

2   Petitioner's petition for review was denied on May 16, 2001.  Therefore,

3   petitioner's conviction became final on August 14, 2001.  Accordingly, the one-

4   year limitations period expired on August 14, 2002.  *Patterson*, 251 F.3d at 1245-

5   47.  However, petitioner did not initiate the present proceedings until over eight

6   years after the limitations period expired.  As a result, the present action is

7   untimely, absent statutory or equitable tolling.  *See* 28 U.S.C. § 2244(d)(1); Fed.

8   R. Civ. Proc. 6(a).

9

10  **2.    STATUTORY TOLLING**

11      Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a

12  properly filed application for state post-conviction or other collateral review with

13  respect to the pertinent judgment or claim is pending shall not be counted toward

14  any period of limitation under this subsection."

15      The statute of limitations is not tolled between the date on which a

16  judgment becomes final and the date on which the petitioner filed his first state

17  collateral challenge because there is no case "pending."  *Nino v. Galaza*, 183 F.3d

18  1003, 1006 (9th Cir. 1999).  Once an application for post-conviction review

19  commences, it is "pending" until a petitioner "complete[s] a full round of [state]

20  collateral review."  *Delhomme v. Ramirez*, 340 F.3d 817, 819 (9th Cir. 2003)

21  (citing *Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2003)).  "One full round"

22

23

24  _____

25  [2]      The Court takes judicial notice of the docket of petitioner's petition for

26  review to the California Supreme Court on direct appeal as reflected in the website
    of the California Appellate Courts located at at http://appellatecases.courtinfo.

27  ca.gov/search/case/dockets.cfm?dist=0&doc_id=1828243&doc_no=S096564.  The
    Docket shows that petitioner's petition for review by the California Supreme Court

28  was denied on May 16, 2001.

1   generally means that the statute of limitations is tolled while a petitioner is
2   properly pursuing post-conviction relief, from the time a California prisoner files
3   his first state habeas petition until the California Supreme Court rejects his final
4   collateral challenge.  *Carey v. Saffold*, 536 U.S. 214, 219-20, 122 S. Ct. 2134, 153
5   L. Ed. 2d 260 (2002); *see also Nino*, 183 F.3d at 1006; *Delhomme*, 340 F.3d at
6   819.  The period tolled includes the time between a lower court decision and the
7   filing of a new petition in a higher court, as long as the intervals between the filing
8   of those petitions are "reasonable."  *Delhomme*, 340 F.3d at 819 (citing *Biggs*, 339
9   F.3d at 1048 n.1).

10        Here, petitioner is not entitled to any statutory tolling.  Petitioner did not
11   file his first state habeas petition until June 1, 2010.  But by that time, nearly eight
12   years had passed since the August 14, 2002 cutoff date.  Given the passing of the
13   cutoff date, the June 1, 2010 state habeas petition could not toll the statute of
14   limitations.  *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003)
15   ("[S]ection 2244(d) does not permit the reinitiation of a limitations period that has
16   ended before the state petition was filed."); *Green*, 223 F.3d at 1003 (holding that
17   state habeas petition filed after expiration of AEDPA limitation period could not
18   toll limitation period "because the limitations period had already run"); *Vroman v.
19   Brigano,* 346 F.3d 598, 602 (6th Cir. 2003) (application of section 2244(d)(2)
20   "'tolling provision does not . . . 'revive' the limitations period (i.e., restart the
21   clock at zero); it can only serve to pause a clock that has not yet fully run'")
22   (citation omitted).

23        Because the Petition does not demonstrate any basis for tolling the statute,
24   the Court orders petitioner to show cause in writing within 15 days of the date of
25   this order why the Petition should not be dismissed as time-barred.  If petitioner
26   / / /
27   / / /
28   / / /

4

fails to provide a timely response to this order, the Court will recommend that the Petition be dismissed as time-barred and/or for failure to prosecute.

IT IS SO ORDERED.


DATED: February 2, 2011

＿＿/S/ FREDERICK F. MUMM＿＿
FREDERICK F. MUMM
United States Magistrate Judge